IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA

v.                                          CRIMINAL NO. 2:18-CR-13-KS-MTP

PATRELLE MCNAIR

<u>ORDER</u>

On October 1, 2020, Defendant pleaded guilty to possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On January 28, 2021, the Court sentenced him to 120 months of imprisonment followed by three years of supervised release. This sentence was significantly lower than the Guideline range, which called for a sentence of 262 months to 327 months of imprisonment. On July 1, 2021, Defendant filed a Motion for Compassionate Release [60] pursuant to 18 U.S.C. § 3582(c)(1)(A) because of the COVID-19 pandemic, although he is not due to be released until May 2026.

First, to the extent Defendant seeks it, the Court does not have the authority to order home confinement. *See United States v. Sherrill*, 2021 WL 214684, at *3 (S.D. Miss. Jan. 21, 2021) (citing 18 U.S.C. § 3621(b); *United States v. Dysart*, 66 F. App'x 526, 2003 WL 21018298, at *1 (5th Cir. 2003)).

As for a reduction of Defendant's sentence, 18 U.S.C. § 3582 permits the Court to reduce a term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), if it finds that "extraordinary and compelling reasons warrant such a

reduction . . . ." 18 U.S.C. § 3582(c)(1)(A). Among other things, Section 3553(a) provides that the Court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The Court must also consider "the need for the sentence" to "reflect the seriousness of the offense;" "to promote respect for the law;" "to provide just punishment for the offense;" "to afford adequate deterrence to criminal conduct;" "to protect the public from further crimes of the defendant;" and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2). Defendant has the burden of demonstrating that he meets the requirements for compassionate release. *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014); *United States v. Whirl*, 2020 WL 3883656, at *1 (S.D. Miss. July 9, 2020).

"Although not dispositive, the commentary to the United States Sentencing Guidelines . . . informs" the Court's "analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021).[1] The Guidelines provide, in relevant part, that the Court may reduce a term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if (1) "[e]xtraordinary and compelling reasons warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of any other person

---

[1] *But see United States v. Shkambi*, --- F.3d ---, 2021 WL 1291609, at *4 (5th Cir. Apr. 7, 2021) (holding that neither the sentencing commission's policy statement nor its commentary are binding on the district court's disposition of an inmate's own motion under § 3582).

or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "[t]he reduction is consistent with this policy statement." U.S. SENTENCING GUIDELINES MANUAL § 1B1.13. "The comments to the U.S.S.G. provide four 'extraordinary and compelling reasons' that may justify reducing a prison term: (1) medical conditions, (2) age, (3) family circumstances, and (4) '[o]ther [r]easons.'" *Thompson*, 984 F.3d at 433 (quoting U.S.S.G. § 1B1.13 cmt. n.1(A)-(D) (2018)). "[T]he comments describe the circumstances in which a "medical condition" might be sufficiently serious to warrant release. That is limited to two circumstances: where the defendant has either a terminal illness or a condition 'that substantially diminishes the ability of the defendant to provide self care . . . ." *Id.* (citing U.S.S.G. § 1B1.13 cmt. n.1(A)).[2]

Defendant argues that he should be granted compassionate release because he is at an elevated risk of serious illness or death from COVID-19 because he suffers from preexisting medical conditions of hypertension and obesity. He contends that a prison creates an optimal environment for transmission of COVID-19, and that he is unable to avoid exposure to it. However, Defendant admits in briefing that he has been vaccinated.[3]

However, the Government notes that Defendant's medical records indicate that his blood pressure is "well-controlled" by medication, and that he is "fully ambulatory and engages in all normal activities of daily living." The Government also

---

[2] The Fifth Circuit has declined to weigh in as to whether the catch-all "other reasons" provision "delegates only to the Bureau of Prisons." *Id.* at 433 n. 4.
[3] The Government claims that Defendant refused vaccination when it was offered to him. In reply, Defendant clarified that he received the vaccine while in transit to his current facility.

notes that as of July 2021, BOP has offered the COVID-19 vaccine to every inmate in a BOP-managed institution. At Defendant's facility, FMC Forth Worth, 971 out of 1,311 inmates (74%), plus 218 staff members, as of July 2021. The Court notes that this is currently a higher vaccination rate than the general population in the state of Mississippi. Finally, as noted above, Defendant admits that he has been vaccinated.

There is no consensus within the federal courts as to the precise definition of an "extraordinary and compelling reason" as contemplated by § 3582(c)(1)(A).

> To be sure, courts around the country, in some exceptional cases, have granted compassionate release where the defendant has demonstrated an increased risk of serious illness if he or she were to contract COVID. Even where they have denied release, some courts have assumed that the pandemic, combined with underlying conditions, might be an extraordinary and compelling reason for compassionate release. But that is certainly not a unanimous approach to every high-risk inmate with preexisting conditions seeking compassionate release.

*Thompson*, 984 F.3d at 434 (citations omitted). For example, this Court has repeatedly held that the risk posed by the COVID-19 pandemic, even when exacerbated by preexisting medical conditions, does not by itself constitute an "extraordinary and compelling" reason to reduce a sentence. *See, e.g. United States v. McAfee*, 2012 WL 1341865 (S.D. Miss. Apr. 9, 2021). Other courts in this Circuit have held the same. *See United States v. Griffin*, 2021 WL 1267794, at *2 (E.D. La. Apr. 6, 2021); *United States v. Alvarez*, 2021 WL 1270494, at *3-*4 (S.D. Tex. Apr. 6, 2021); *United States v. Gardner*, 2021 WL 1110298, at *3 (S.D. Miss. Mar. 23, 2021); *United States v. Richard*, 2021 WL 107207, at *2 (S.D. Miss. Jan. 12, 2021); *United States v. Jensen*, 2020 WL 6504670, at *3 (N.D. Tex. Nov. 5, 2020); *United States v. Takewell*,

4

2020 WL 4043060, at *3 (W.D. La. July 17, 2020); *United States v. Gildner*, 2020 WL 4033003, at *1 (E.D. Tex. July 14, 2020).

In short, "[p]reexisting medical conditions that place a defendant at increased risk for serious illness from COVID-19 are not in and of themselves sufficient to establish extraordinary and compelling reasons justifying a reduction in sentence." *United States v. McLin*, 2020 WL 3803919, at *3 (S.D. Miss. July 7, 2020). Moreover, a defendant's "general concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence . . . ." *Takewell*, 2020 WL 404360 at *4; *see also Thompson*, 984 F.3d at 435. "[T]he mere existence of COVID-19 in society" and, consequently, the prison system "cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020).

The Court finds that Defendant's preexisting health conditions and the COVID-19 pandemic do not, by themselves, constitute an extraordinary and compelling reason to reduce his sentence. *See, e.g. United States v. Brunt*, --- F. App'x ---, 2021 WL 1158154, at *1 (7th Cir. Mar. 26, 2021); *United States v. Fleming*, 2021 WL 1165755, at *1 (N.D. Ohio Mar. 26, 2021). The Court notes that Defendant is vaccinated, and that 74% of the inmates in his facility are vaccinated.

The Court also finds that a reduction in sentence would not reflect the serious nature of Defendant's crime, provide a just punishment, or deter similar conduct in

the future. *See* 18 U.S.C. § 3553(a)(2). As noted above, Defendant is not scheduled for release until May 2026. He has served less than half of a sentence that was already well below the applicable Guideline range.

The Court also notes that Defendant made no attempt in his motion or briefing to demonstrate that he would not be a danger to the community or any other person if released. The PSR described Defendant as a "regional narcotics distributor" who "had been reported to sell and distribute multi-kilogram quantities of controlled substances, primarily methamphetamine, and participate in money laundering activities." A CI made numerous controlled buys between September 2016 and November 2017, in progressively larger quantities. A witness provided information indicating that Defendant was a leader or organizer, and Defendant's income from criminal activities greatly exceeded his legitimate income, meriting an aggravating role adjustment to his sentence. All total, Defendant was convicted of possessing 1,180.5 g of ice, 224 g of cocaine, and 35 g of methamphetamine. He also possessed a firearm at the time of his arrest. For all these reasons, the Court finds that Defendant would be a danger to the community if released now.

In summary, the Court certainly takes the COVID-19 pandemic seriously, but it "cannot release every prisoner at risk of contracting COVID-19 because the Court would then be obligated to release every prisoner." *United States v. Koons*, 2020 WL 1940570, at *4 (W.D. La. Apr. 21, 2020). The Courts that have granted compassionate release because of the pandemic "largely have done so for defendants who had already

served the lion's share of their sentences and presented multiple, severe health concerns." *Thompson*, 984 F.3d at 434-35. "Fear of COVID doesn't automatically entitle a prisoner to release." *Id.*; *see also Koons*, 2020 WL 1940570 at *5.

For all these reasons, the Court **denies** Defendant's Motion for Compassionate Release [60].

SO ORDERED AND ADJUDGED this 5th day of October, 2021.

　　　　　　　　　　　　　 /s/　　 Keith Starrett
　　　　　　　　　　　　　　 KEITH STARRETT
　　　　　　　　　 UNITED STATES DISTRICT JUDGE